Filed 12/1/21  P. v. Gezzer CA5
Opinion on remand from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT STEVEN GEZZER,<br><br>Defendant and Appellant. | F076566<br><br>(Super. Ct. Nos. VCF340478, VCF294305)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, Tia M. Coronado, Daniel B. Bernstein and Keith P. Sager, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P.J., Levy, J. and Detjen, J.

## INTRODUCTION

On November 21, 2019, we filed our original opinion in this matter. We ruled that appellant Robert Steven Gezzer could not benefit from changes in the law that had occurred after he had received a split sentence in 2014. He had started to serve that sentence, and he did not appeal within 60 days. (*People v. Gezzer* (Nov. 21, 2019, F076566) [nonpub. opn.].)

In 2020, our Supreme Court directed us to reconsider this cause in light of *People v. McKenzie* (2020) 9 Cal.5th 40 (*McKenzie*). After vacating our prior decision and reviewing *McKenzie*, we again concluded that appellant could not benefit from the changes in law.[1] (*People v. Gezzer* (Oct. 5, 2020, F076566) [nonpub. opn.].)

Subsequently, however, our Supreme Court issued *People v. Esquivel* (2021) 11 Cal.5th 671 (*Esquivel*). This matter was again remanded to us, and our high court asked us to reconsider this matter in light of *Esquivel*.

Following *Esquivel*, the parties agree, as do we, that appellant benefits from the changes in law. Consequently, we will direct the trial court to strike the three-year sentencing enhancement imposed pursuant to Health and Safety Code section 11370.2, subdivision (c), and the one-year sentencing enhancement imposed pursuant to Penal Code section 667.5, subdivision (b). We remand this matter for further proceedings.

## BACKGROUND

### I. Appellant's 2014 Conviction In Tulare County Superior Court Case No. VCF294305.

In March 2014, appellant was sentenced to prison for an aggregate term of six years following a plea of no contest to possession for sale of a controlled substance (Health & Saf. Code, § 11378). The 2014 conviction occurred in Tulare County Superior

---

[1] On October 19, 2020, we denied respondent's request to publish our prior opinion. On October 26, 2020, we modified the prior opinion by adding a footnote and we denied appellant's request for a rehearing.

2.

Court case No. VCF294305. This sentence included a three-year enhancement for a prior narcotics conviction under Health and Safety Code section 11370.2, subdivision (c), and a one-year enhancement for a prior narcotics-related prison term under Penal Code section 667.5, subdivision (b). These are the sentencing enhancements that are at issue in this matter.

The trial court ordered appellant to serve two years in county jail, and it suspended the remaining four years, during which time appellant was to serve mandatory supervision.[2] Appellant began to serve his sentence. He did not appeal.

## II. Appellant's 2017 Conviction In Tulare County Superior Court Case No. VCF340478.

In September 2017, appellant entered a plea of no contest to buying or receiving stolen vehicle equipment (Pen. Code, § 496d, subd. (a)). The 2017 conviction occurred in Tulare County Superior Court case No. VCF340478. Appellant admitted he was in violation of the terms and conditions of his mandatory supervision from his 2014 conviction.

In November 2017, appellant was again sentenced. The trial court revoked appellant's mandatory supervision from his 2014 conviction. He was ordered to serve the remainder of his 2014 six-year term in county jail, which was deemed the base term. For the 2017 conviction, the court imposed a one-third consecutive term of eight months.

---

**2** Appellant received a split sentence in 2014, which is a sentencing option available for certain low-level felony offenders. A split sentence involves imposing the sentence and then "suspending execution of the concluding portion of [it]." (*People v. Borynack* (2015) 238 Cal.App.4th 958, 963; see also Pen. Code, § 1170, subd. (h)(5)(A) & (B).) The suspended portion of the term is known as "mandatory supervision[.]" (Pen. Code, § 1170, subd. (h)(5)(B).) Under the split sentencing scheme, qualifying offenders will not serve their sentences in state prison but instead will "serve their sentences either entirely in county jail or partly in county jail and partly under the mandatory supervision of the county probation officer." (*People v. Scott* (2014) 58 Cal.4th 1415, 1418–1419.)

In November 2017, appellant filed the present appeal. While this appeal was pending, two bills were enacted. The issue that was previously disputed between the parties was whether appellant may benefit from these bills.

### III. The Relevant Changes In The Law.

Senate Bill No. 180 (2017–2018 Reg. Sess.) (Senate Bill 180) became effective on January 1, 2018. (Stats. 2017, ch. 677, § 1.) This reduced the number of sentencing enhancements under Health and Safety Code section 11370.2, subdivision (c).[3] Under Senate Bill 180, a three-year enhancement may now be imposed only for a prior conviction for sales of narcotics involving a minor in violation of Health and Safety Code section 11380.[4] It is undisputed that, following Senate Bill 180, appellant would not qualify for the three-year enhancement he received in 2014 under Health and Safety Code section 11370.2, subdivision (c). In prior briefing, the parties disagreed whether or not appellant could receive the benefit of this change in law.

In addition to Senate Bill 180, another dispute previously existed regarding Senate Bill No. 136, which the Governor signed into law on October 8, 2019. This amended Penal Code section 667.5, subdivision (b), regarding prior prison term enhancements.

---

[3] Health and Safety Code section 11370.2, subdivision (c) now provides: "Any person convicted of a violation of, or of a conspiracy to violate, [Health and Safety Code] Section 11378 or 11379 with respect to any substance containing a controlled substance specified in paragraph (1) or (2) of subdivision (d) of [Health and Safety Code] Section 11055 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and *consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, [Health and Safety Code] Section 11380*, whether or not the prior conviction resulted in a term of imprisonment." (Italics added.)

[4] Health and Safety Code section 11380, subdivision (a), generally makes it a crime for a person 18 years of age or over to solicit, induce, encourage or intimidate a minor to violate certain drug-related statutes.

(Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136).)[5] Senate Bill 136 went into effect on January 1, 2020. (Stats. 2019, ch. 590, § 1.)

Under Senate Bill 136, a one-year prior prison term enhancement now only applies if a defendant has a prior conviction for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). It is undisputed that, under Senate Bill 136, appellant would not qualify for the one-year enhancement he received in 2014 under Penal Code section 667.5, subdivision (b). The parties previously disagreed whether or not appellant could benefit from Senate Bill 136.

On November 21, 2019, we filed our original opinion in this matter. We concluded that, before Senate Bill 180 went into effect and before the Governor signed Senate Bill 136, appellant's 2014 judgment had already become final. As such, and regardless of his 2017 sentencing, we held that appellant did not benefit from these changes in law. (*People v. Gezzer*, *supra*, F076566.)

On May 27, 2020, our Supreme Court transferred this matter back to this court with directions for us to vacate our decision and reconsider the cause in light of *McKenzie*, *supra*, 9 Cal.5th 40. The parties filed supplemental briefing with us regarding *McKenzie* and its impact on our prior opinion.

On July 6, 2020, we vacated our prior opinion. After considering *McKenzie*, we agreed with respondent that appellant still did not benefit from the changes in law. On October 5, 2020, we filed our prior opinion, again affirming appellant's judgment. (*People v. Gezzer*, *supra*, F076566.)

On August 11, 2021, the Supreme Court again transferred this matter back to this court with directions for us to vacate our prior decision and reconsider the cause in light

---

[5] At times throughout this opinion we will refer to these bills collectively as Senate Bills 180 and 136.

of *Esquivel*, *supra*, 11 Cal.5th 671.  The following day, we alerted the parties in writing that they could file supplemental briefing.

Both parties filed a supplemental brief in this court.  The parties agree that, in light of *Esquivel*, appellant benefits from the changes in law and this court should (1) strike the three-year sentencing enhancement imposed pursuant to Health and Safety Code section 11370.2, subdivision (c), and (2) strike the one-year sentencing enhancement imposed pursuant to Penal Code section 667.5, subdivision (b).

In its supplemental brief, respondent asserts that a remand is required so the parties may have the opportunity to either enter into a new plea agreement or proceed to trial on the reinstated charges.

On September 9, 2021, we vacated our prior opinion and directed appellant to file a supplemental reply brief regarding appellant's proposed remedy.

On September 17, 2021, appellant filed a supplemental reply brief.  We now turn to the parties' arguments.

## DISCUSSION

### I.      Appellant Is Entitled To Retroactive Benefit Of Senate Bills 180 And 136.

Absent some indication to the contrary, courts presume that the Legislature intended amendments to apply retroactively when they reduce the punishment for a crime, at least in cases that are not yet final.  (*People v. Brown* (2012) 54 Cal.4th 314, 323–324; *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).)  Generally, when the amendment mitigates punishment and there is no saving clause, the rule from *Estrada* is that the amendment will operate retroactively so that the lighter punishment is imposed. (*Estrada*, *supra*, 63 Cal.2d at p. 748.)  However, the amended statute must take effect before the judgment of conviction becomes final.  (*Id.* at p. 744.)

*Estrada* involved statutory amendments that merely reduced penal sanctions for a given act.  However, the *Estrada* rule also applies to amendments that entirely eliminate a

6.

penal sanction.  (*People v. Rossi* (1976) 18 Cal.3d 295, 301.)  The rule from *Estrada* rests on an inference that, when the Legislature reduces the punishment for an offense, it has determined that the former penalty was too severe.  (*Estrada*, *supra*, 63 Cal.2d at p. 745.)  It is presumed that the Legislature must have intended for the new lighter penalty to apply to every case to which it constitutionally could apply.  (*People v. DeHoyos* (2018) 4 Cal.5th 594, 600.)

### A. *Esquivel.*

In *Esquivel*, our high court reiterated that, "[w]hen new legislation reduces the punishment for an offense, we presume that the legislation applies to all cases not yet final as of the legislation's effective date.  [Citation.]"  (*Esquivel*, *supra*, 11 Cal.5th at p. 673.)  The *Esquivel* court held that, when a defendant is placed on probation with execution of an imposed state prison sentence suspended, that sentence is not final "if the defendant may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect."  (*Ibid*.)

In *Esquivel*, the defendant had pleaded no contest to a felony and admitted two prior prison terms.  (*Esquivel*, *supra*, 11 Cal.5th at p. 673.)  The trial court imposed sentence but suspended its execution and placed the defendant on probation.  (*Ibid.*)  The defendant did not appeal.  In 2018, about three years later, the court found that the defendant was in violation of a condition of probation, and it ordered the sentence into effect.  (*Ibid*.)  The defendant then appealed, and, during the pendency of the appeal, Senate Bill 136 became effective.  (*Esquivel*, *supra*, at p. 673.)

In determining whether the defendant could avail himself of the change in law, the Supreme Court noted that, in *Estrada*, it was "presumed that our Legislature intends for ameliorative enactments to apply as broadly as is constitutionally permissible.  The significance of finality was that legislation 'constitutionally could apply' to nonfinal judgments."  (*Esquivel*, *supra*, 11 Cal.5th at p. 677, citing *Estrada*, *supra*, 63 Cal.2d at

7.

p. 745.)  The *Esquivel* court announced its intention to "adhere to the *Estrada* doctrine's long-standing nonfinality requirement, on which our Legislature may have relied when declining to limit the retroactive application of its enactments.  [Citation.]  But the role of finality in *Estrada*'s reasoning counsels against importing a rigid understanding of the term 'final' into this context.  [Citation.]  Instead, we must look deeper to discern the meaning and significance of *Estrada*'s finality limit."  (*Esquivel*, at p. 677.)

The *Esquivel* court drew on its recent opinion in *McKenzie*, *supra*, 9 Cal.5th 40.  In *McKenzie,* our Supreme Court held that "a convicted defendant who is placed on probation after imposition of sentence is suspended, and who does not timely appeal from the order granting probation, may take advantage of ameliorative statutory amendments that take effect during a later appeal from a judgment revoking probation and imposing sentence."  (*Id.* at p. 43.)

The *Esquivel* court found that its conclusion from *McKenzie* applied with equal force to the probation situation before it, where sentence was imposed and the execution of sentence suspended.  (*Esquivel*, *supra*, 11 Cal.5th at pp. 678, 680.)  The *Esquivel* court concluded "that legislation ameliorating punishment presumptively applies to suspended execution cases pending on appeal from an order causing a previously imposed sentence to take effect."  (*Id.* at p. 680; see also *People v. Chavez* (2018) 4 Cal.5th 771, 781 [where court suspends execution of sentence, sentence is a provisional or conditional judgment].)

**B.  We agree with the parties that the sentencing enhancements from the 2014 conviction must be stricken.**

In our prior opinion filed on October 5, 2020, we had concluded that *McKenzie* did not dictate that appellant should benefit from Senate Bills 180 and 136.  In general, our conclusion was based on three factors: (1) *McKenzie* did not consider a split sentence; (2) appellant's judgment became final in 2014 after he failed to appeal within 60 days; and (3) mandatory supervision is more akin to parole than to probation.  (*People v. Gezzer*, *supra*, F076566.)

8.

Respondent now takes the position that appellant benefits from Senate Bills 180 and 136. According to respondent, appellant's matter is "legally indistinguishable from that of the defendant in *Esquivel*." In light of *Esquivel*, we agree with respondent that a different conclusion must now be reached.

Senate Bills 180 and 136 became effective after appellant entered a plea of no contest in 2017 to buying or receiving stolen vehicle equipment (§ 496d, subd. (a)). During his 2017 change of plea hearing, appellant admitted he was in violation of the terms and conditions of his mandatory supervision from his 2014 conviction. The 2017 sentencing court revoked and terminated mandatory supervision, and it ordered execution of the originally imposed 2014 sentence (which was six years in custody). This became the principal term. The court consolidated the 2014 sentence with the new additional sentence, which became the subordinate term.

Following the 2017 sentencing, appellant filed the present appeal. Although appellant did not immediately appeal his 2014 judgment, this criminal proceeding was still pending on appeal when the legislative changes took effect.

Our Supreme Court has made it clear that, for purposes of the presumption of retroactivity, an inquiry into whether a final judgment has occurred must focus "on whether the criminal prosecution or proceeding as a whole is complete." (*Esquivel*, *supra*, 11 Cal.5th at p. 679.) The *Esquivel* court held that, while a sentence whose execution is suspended may be final for purposes of appealability, it is not final for purposes of the *Estrada* retroactivity analysis. (*Esquivel*, at p. 679.) Because appellant's criminal proceeding as a whole is not complete, he benefits from the changes in law.

Accordingly, in case No. VCF294305, we will direct the trial court to strike the three-year sentencing enhancement imposed pursuant to Health and Safety Code section 11370.2, subdivision (c), and the one-year sentencing enhancement imposed pursuant to Penal Code section 667.5, subdivision (b). We remand this matter for further proceedings.

9.

## II.     A Remand Is Required For Further Proceedings.

The parties dispute the appropriate remedy.  Appellant principally contends these sentencing enhancements should be stricken without remanding this matter and without changing other portions of his judgment.  In contrast, respondent asserts that a remand is required so the parties may have the opportunity to either enter into a new plea agreement or proceed to trial on the reinstated charges.

We agree with respondent that a remand is required for further proceedings.  Two opinions are instructive: (1) *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) and (2) *People v. Barton* (2020) 52 Cal.App.5th 1145 (*Barton*).)

### A.     *Stamps*.

In *Stamps,* the parties entered into a negotiated plea with a specified prison term, which included a prior serious felony enhancement.  (Pen. Code, § 667, subd. (a); *Stamps*, *supra*, 9 Cal.5th at p. 693.)  After the defendant entered his plea, the Legislature passed Senate Bill No. 1393 (2017–2018 Reg. Sess.), which granted the trial court discretion to strike the prior serious felony enhancement in the furtherance of justice.  (*Stamps*, at p. 693.)  The defendant appealed, seeking remand to allow the trial court to strike the enhancement from the agreed-upon sentence but otherwise keep the plea bargain intact.  (*Id.* at p. 700.)  The California Supreme Court concluded that Senate Bill No. 1393 applied retroactively but rejected the defendant's argument that, on remand, the trial court could dismiss the five-year prior serious felony enhancement while otherwise maintaining the plea agreement.  (*Stamps*, at pp. 693–699, 700.)  Noting that the parties entered into a plea agreement for a specified prison term based on the prior serious felony enhancement, the *Stamps* court said the trial court could not unilaterally modify the terms absent the prosecution's agreement.  (*Id.* at pp. 700–704.)  Relying on the stipulated nature of the sentence, the high court explained that " 'Senate Bill No. 1393 does not entitle defendants who negotiated stipulated sentences "to whittle down the sentence 'but otherwise leave the plea bargain intact.' " ' " (*Stamps*, at p. 706.)  That would

10.

fundamentally alter the terms of the agreement, depriving the People of the benefit of their bargain.[6] (*Id.* at p. 703.)

> ## B. *Barton.*

In *Barton*, this court noted that both parties are entitled to the benefit of a plea bargain. (*Barton, supra,* 52 Cal.App.5th at p. 1154.) Some plea agreements specify the punishment to be imposed, which is authorized by Penal Code section 1192.5. (*Barton, supra,* at p. 1154.) A specified sentence is deemed "an 'integral part' of the agreement, i.e., a material term of the contract. [Citations.]" (*Ibid.*)

In *Barton,* the defendant's stipulated sentence of eight years eight months included a pair of three-year enhancements for drug-related priors that had been subsequently invalidated by the Legislature. (*Barton, supra,* 52 Cal.App.5th at p. 1149.) As such, this court held that the plea agreement was no longer enforceable. (*Id.* at p. 1159.) Whether by withdrawal of its prior approval or the granting of a withdrawal/rescission request by one or both of the parties, the trial court was required to restore the parties to their position before the plea agreement. The parties could then enter into a new plea agreement, which would be subject to the trial court's approval, or they could proceed to trial on reinstated charges. (*Ibid.*)

---

[6]     Effective January 1, 2020, the Legislature added Penal Code section 1016.8. In part, it provides that, "a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (Pen. Code, § 1016.8, subd. (b).) The Supreme Court in *Stamps* concluded that this statute did not specify the remedy when a defendant invokes the benefit of a change in law. (*Stamps, supra,* 9 Cal.5th at p. 705.) As such, our high court held that, notwithstanding Penal Code section 1016.8, subdivision (b), the appropriate remedy was to remand the matter with directions to allow the prosecution to withdraw from the plea bargain if the trial court dismissed the serious felony enhancement. (*Stamps, supra,* at pp. 705–706.)

## C.     The 2017 plea agreement is unenforceable.

Appellant's 2017 plea agreement involved his 2014 conviction in Case No. VCF294305 and the new charges in case No. VCF340478.  In the latter, it was alleged that, on or about June 10, 2016, he was operating a chop shop (Veh. Code, § 10801; count 1) and he had received stolen property, a motor vehicle (Pen. Code, § 496d, subd. (a); count 2).

At the 2017 change of plea hearing, the parties stipulated that a police report could serve as the factual basis for appellant's no contest plea.  The probation department's report summarizes the police report.  According to the probation department, police officers went to appellant's residence where they found a stolen vehicle engine, along with numerous car parts and power tools.

The parties reached a negotiated sentence in 2017.  The prosecution dismissed the felony charge in count 1 of operating a chop shop (Veh. Code, § 10801) in exchange for appellant's no contest plea to count 2, buying or receiving stolen vehicle equipment (Pen. Code, § 496d, subd. (a)).  The six-year sentence from appellant's 2014 conviction became the principal term during resentencing in 2017.  The 2017 conviction for buying or receiving stolen vehicle equipment in count 2 became the one-third subordinate middle term of eight months.  Appellant received an aggregate prison sentence of six years eight months.

Appellant asserts that his matter is distinguishable from *Stamps* and *Barton*.  He contends his 2017 plea agreement should not be unwound.  He argues his agreement did not result in dismissal of the charge with the higher possible sentence.  Appellant further maintains that the prosecution received the benefit of its bargain.  Appellant argues it is "obvious" that the charges in counts 1 and 2 would not result in separate punishments under Penal Code section 654.  According to appellant, his maximum sentence would not change if Penal Code section 654 applied, rendering pointless the need for a remand.  In the alternative, appellant acknowledges that this court may not have a sufficient record to

12.

determine whether or not Penal Code section 654 would apply to counts 1 and 2.  In that situation, appellant requests that we permit the trial court to determine whether or not Penal Code section 654 would apply.  Appellant concedes that, if Penal Code section 654 does not apply, then his 2017 plea bargain must be vacated.

We conclude that the 2017 plea bargain is no longer enforceable and further proceedings must be conducted.  We reject appellant's position that we may simply strike the sentencing enhancements in case No. VCF294305 without it impacting the 2017 plea agreement.  These sentencing enhancements represented four of the six years that comprised appellant's principal prison term.  Striking these enhancements renders the plea agreement unenforceable because these sentencing enhancements represented a majority of the stipulated sentence.  (See *Barton*, *supra*, 52 Cal.App.5th at p. 1155.)

Further, the 2017 plea agreement resulted in the dismissal of the count with the higher possible punishment, and we reject appellant's contrary assertion.  In case No. VCF340478, the prosecution dismissed a felony charge of operating a chop shop (Veh. Code, § 10801; count 1) in exchange for appellant's no contest plea to count 2, buying or receiving stolen vehicle equipment (Pen. Code, § 496d, subd. (a)).  Vehicle Code section 10801 (both now and in 2016) has a sentencing triad of two, three or four years while Penal Code section 496d, subdivision (a) (both now and in 2016) has a sentencing triad of 16 months, or two or three years.  Thus, the prosecution dismissed the charge with the higher possible sentence.

Because the sentencing enhancements are no longer applicable in case No. VCF294305, it is clear that the prosecution is no longer receiving the benefit of its bargain, and the 2017 plea agreement is no longer enforceable.  Consequently, the trial court cannot approve of the agreement in its current form.[7]  (*Barton*, *supra*, 52

---

[7]     Based on this limited record, we decline to analyze whether or not appellant could receive multiple punishments in case No. VCF340478 for the charges alleged in count 1 (operating a chop shop (Veh. Code, § 10801)) and count 2 (buying or receiving stolen

13.

Cal.App.5th at p. 1159.)  Whether by withdrawal of its prior approval or the granting of a withdrawal/rescission request by one or both of the parties, the trial court " ' "must restore the parties to the status quo ante." ' " (*Stamps*, *supra*, 9 Cal.5th at p. 707; *People v. Aragon* (1992) 11 Cal.App.4th 749, 756–757 ["When a guilty plea is invalidated the parties are generally restored to the positions they occupied before the plea bargain was entered."].)  "The parties may then enter into a new plea agreement, which will be subject to the trial court's approval, or they may proceed to trial on the reinstated charges." (*Barton*, *supra*, 52 Cal.App.5th at p. 1159.)[8]

## DISPOSITION

We vacate appellant's sentence and we remand this matter for further proceedings.

### In Case No. VCF294305

The trial court shall strike the three-year sentencing enhancement imposed pursuant to Health and Safety Code section 11370.2, subdivision (c).  The trial court shall strike the one-year sentencing enhancement imposed pursuant to Penal Code section 667.5, subdivision (b).

---

vehicle equipment (Pen. Code, § 496d, subd. (a)).  In any event, the parties' stipulated sentence is no longer valid, rendering the 2017 plea agreement unenforceable.  Thus, we reject appellant's suggestion that we should remand this matter for the trial court to determine whether or not Penal Code section 654 might apply.  Instead, the parties may enter into a new plea agreement, which will be subject to the trial court's approval, or they may proceed to trial on the reinstated charges.  (See *Barton*, *supra*, 52 Cal.App.5th at p. 1159.)

[8]     Appellant argues his 2014 conviction in case No. VCF294305 was not the result of a plea bargain, so there is nothing from 2014 to unwind even when these sentencing enhancements are stricken.  We agree.  His 2014 conviction was not the result of a plea agreement.  Instead, the trial court gave an indicated sentence, which appellant accepted.  Thus, the 2014 conviction will otherwise remain in effect after the trial court strikes the enhancements.

**In Case No. VCF340478**

The trial court shall conduct proceedings consistent with *Stamps*, *supra*, 9 Cal.5th 685 and *Barton*, *supra*, 52 Cal.App.5th 1145.

In all other respects, the judgment is affirmed.